DECISION
Plaintiff appealed Defendant's correction of the assessment and tax rolls, for property identified as Account R330431, for tax years 2006-07, 2007-08, and 2008-09. A hearing in the matter was held August 17, 2009. Plaintiff appeared on her own behalf. Defendant was represented by Judy Pons, an employee in the assessor's office.
Defendant made a clerical error correction to Plaintiff's property in accordance with ORS 311.205, [1] to increase the assessed value (AV) for the years at issue. The information necessary to make the correction was contained in Defendant's records, as required by statute. ORS311.205(1)(a). Defendant had the correct real market value (RMV) on Plaintiff's property for the three years at issue. The error in AV occurred prior to Plaintiff's purchase of the property in 2005. Defendant apparently erroneously calculated the maximum assessed value (MAV) and AV, based on the RMV of the land only[2] in the year the subdivision was created, and where Plaintiff's manufactured home is located. Rather than calculating the MAV by reference to both the land and the manufactured home, the MAV was based solely on the value of the land. As a result, the site developments and the manufactured home were not taxed from the time the *Page 2 
subdivision was created and the home placed on the lot. That error was carried forward for subsequent years, including those under appeal herein.
Plaintiff does not challenge the RMV of her property as it appears on the assessment and tax rolls. Rather, Plaintiff is upset with the fact that several years after her purchase of the property, Defendant discovered a mistake that it had made, and in correcting that mistake, has billed Plaintiff more than $2,000 in back taxes, which are to be paid with her regular annual property taxes for the 2009-10 tax year (at least one-third of which are due by November 15, 2009). That increase came after a significant increase in Plaintiff's tax year 2008-09 property taxes, which Plaintiff stated more than tripled from the prior year (tax year 2007-08). Plaintiff stated on several occasions that she has always paid her taxes in full and that the error was not her fault. Furthermore, the amount of taxes was a significant factor in Plaintiff's decision to purchase the subject property in order to be closer to her husband, who was seriously ill and receiving medical care in Salem before he finally passed away.
It is unfortunate that when Plaintiff inquired of the realtor as to the amount of the property taxes for the home she was about to buy, that the significant discrepancy between the RMV of the property and the property's AV did not cause the realtor to investigate the matter more fully, or at least mention to Plaintiff that further investigation may be in order. For example, for the 2006-07 tax year, the RMV is $114,470, and the AV, before the clerical error correction, was only $18,740. The court is not clear whether Plaintiff purchased the property in 2005 or 2006, but judging by the numbers available to the court (from the clerical error correction notice), it is likely that a similar disparity existed in 2005. Although Measure 50, approved by the voters in 1997, did establish a new method of determining AV based on the concept of MAV which, in the case of most residential property, resulted in an AV typically in *Page 3 
the range of between 60 percent to 80 percent of RMV, Plaintiff's AV of approximately 20 percent of her RMV should have stood out as unusual.
Although the facts of this case are unfortunate, the court is without legal authority to grant the relief Plaintiff has requested, which is for the court to waive the back taxes and allow Plaintiff to move forward with a "clean slate." The correction was authorized by statute and Plaintiff does not challenge the values. The court explained during the August 17, 2009, proceeding, that it does not have the discretionary authority to waive or reduce Plaintiff's property taxes for lack of fault on the part of Plaintiff. The correction was legal under existing law and Plaintiff is not alleging any irregularity in the process. Fault is simply not a factor that the court may consider.
Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied.
Dated this ___ day of September 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinson on September 11,2009. The Court filed and entered this document on September 11, 2009.
[1] All references to the Oregon Revised Statutes (ORS) are to 2007.
[2] Excluding site developments and the manufactured home. *Page 1